UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

GERARDO MARTINEZ, JR.　　　　　)
　　　　　　　　　　　　　　　　)
　　　　　Petitioner,　　　　　　)
　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　)
　　　v.　　　　　　　　　　　　)　　　Case No. 4:18-CV-00634-SPM
　　　　　　　　　　　　　　　　)
JAY CASSADY,　　　　　　　　　)
　　　　　　　　　　　　　　　　)
　　　　　Respondent.　　　　　　)

**MEMORANDUM AND ORDER**

This matter is before the undersigned on the petition of Missouri state prisoner Gerardo

Martinez, Jr. ("Petitioner") for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). The

parties have consented to the jurisdiction of the undersigned United States Magistrate Judge

pursuant to 28 U.S.C. § 636(c)(1). (Doc. 9). For the following reasons, the petition will be denied.

I.　**FACTUAL BACKGROUND**

On August 5, 2014, Petitioner pleaded guilty to three counts of first-degree statutory

sodomy. Resp't Ex. B, at 9-23. At the plea hearing, the following exchange occurred:

| | |
|---|---|
| THE COURT: | And no one's promised you, said this is exactly what you're going to get through your sentence? No one's promised that; have they? |
| THE DEFENDANT: | No, your Honor. |
| THE COURT: | No one can promise you what your sentence would be and I could impose any sentence within the range of punishment permitted by law, which these are unclassified. |
| [PLEA COUNSEL]: | It's five to thirty or life is my understanding, your Honor. |
| THE COURT: | Okay. |

1

| [PLEA COUNSEL]: | And I would just want to state for the record the only—This is an open plea. The only agreement that the State and Mr. Martinez and I have is that the agreement is that all the counts will run concurrent, whatever happens. |
| THE COURT: | Okay. |
| [PLEA COUNSEL]: | That's the only—that's the only agreement or cap so to speak on the agreement. |
| THE COURT: | And you understand that the full range of punishment would be available to me from no less to five years up to thirty years or even life in prison? Do you understand that? |
| THE DEFENDANT: | Yes, your Honor. . . . |
| THE COURT: | Have you been able to understand all my questions? |
| THE DEFENDANT: | Yes, sir. |

*Id.* at 15-16. Petitioner also testified that he had had enough time to discuss the case with his counsel and was happy with how she had handled the case. *Id.* at 10. The court accepted Petitioner's guilty pleas. *Id.* at 12-13. On August 14, a sentencing hearing was held. *Id.* at 24-47. On September 15, 2014, the court sentenced Petitioner to three terms of 25 years, to run concurrently. *Id.* at 48-49.

In Petitioner's amended motion for post-conviction relief pursuant to Missouri Supreme Court Rule 24.035, filed through counsel, Petitioner alleged (among other claims not relevant to the instant petition) that he was denied effective assistance of counsel in that his plea counsel unreasonably assured him that if he entered guilty pleas, he would receive three concurrent terms of five years' imprisonment. *Id*. at 63. On December 2, 2016, the motion court held an evidentiary hearing on the claim. Resp't Ex. A.

At the evidentiary hearing, Petitioner testified as follows. *Id*. at 3-40. His plea counsel told him that if he pleaded guilty, he would get three concurrent five-year sentences. *Id*. at 8-9. He relied on his counsel's assurances, and but for those assurances, he would have rejected the guilty

2

plea and proceeded to trial. *Id.* at 9. When asked about his answers to the judge's questions suggesting that he understood that the possible sentence could be longer, Petitioner testified that his attorney had told him that all he needed to say was "yes, sir" and that she had the deal worked out for him. *Id.* at 20, 24. 32. He did not actually understand what the judge was saying. *Id.* at 38.

Petitioner's plea counsel also testified at the evidentiary hearing, as follows. *Id.* at 40-52. She told Petitioner that the best thing she could see happening with the plea would be three five-year sentences, to run concurrently, and that the worst thing would be three twenty-five year sentences to run concurrently. *Id.* at 43. She told him that she did not believe that the judge would give more than what the state was asking for, which she believed was twenty-five years, but that it was possible for it to be up to thirty years or life. *Id.* at 43. She thought Petitioner was focusing on the five-year sentence and not the longer sentence. *Id.* at 43-44. She did not promise him that he was only going to get five years. *Id.* at 47. She explained to Petitioner that the deal was for concurrent time and a cap of twenty-five years, and that she explained "over and over" that the full range of punishment was available to Petitioner. *Id.* at 47. She also had him explain that back to her, which she does when she thinks someone is being too optimistic about something. *Id.* at 47-48. In his own words, he indicated that he knew he was facing up to twenty-five years. *Id.* at 48.

After the hearing, the motion court entered an order denying Petitioner's claim of ineffective assistance of counsel. Resp't Ex. B, at 71-76. The motion court found that plea counsel's testimony was credible, that Petitioner's claim was directly refuted by the record, and that plea counsel "cannot be deemed to be ineffective for explaining to Martinez, with perspicuity, the possible outcomes of his case." *Id.* at 74. Petitioner raised the claim on appeal, Resp't Ex. C, and the Missouri Court of Appeals affirmed the motion court's denial of the claim, finding the claim was refuted by the record, Resp't Ex. E.

## II.   LEGAL STANDARDS

Federal habeas review exists only "as 'a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal.'" *Woods v. Donald*, 575 U.S. 312, 316 (2015) (quoting *Harrington v. Richter*, 562 U.S. 86, 102-03 (2011)). Accordingly, "[i]n the habeas setting, a federal court is bound by the AEDPA [the Antiterrorism and Effective Death Penalty Act] to exercise only limited and deferential review of underlying state court decisions." *Lomholt v. Iowa*, 327 F.3d 748, 751 (8th Cir. 2003) (citing 28 U.S.C. § 2254). Under AEDPA, a federal court may not grant habeas relief to a state prisoner with respect to any claim that was adjudicated on the merits in the state court proceedings unless the state court's adjudication of a claim "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court decision is "contrary to" clearly established Supreme Court precedents "if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [the Supreme Court's] precedent." *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *see also Brown v. Payton*, 544 U.S. 133, 141 (2005). A state court decision involves an "unreasonable application" of clearly established federal law if it "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." *Williams*, 529 U.S. at 407-08. *See also Bell v. Cone*, 535 U.S. 685, 694 (2002). "Finally, a state court decision involves an unreasonable determination of the facts in light of the evidence presented in the state court proceedings only if it is shown that

the state court's presumptively correct factual findings do not enjoy support in the record." *Jones v. Luebbers*, 359 F.3d 1005, 1011 (8th Cir. 2004) (citations and internal quotation marks omitted). *See also* 28 U.S.C. § 2254(e)(1)) (stating that "a determination of a factual issue made by a State court shall be presumed to be correct" and that the petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence").

## III.  DISCUSSION

In the instant *pro se* petition, Petitioner asserts a single claim: that his plea counsel was ineffective in that she told him he would receive three concurrent terms of five years' imprisonment if he pleaded guilty, and in that she did not tell him the judge could impose a longer sentence. As discussed above, Petitioner raised this claim in his motion for post-conviction relief and in the appeal from the denial of that motion, and the state court denied the claim on the merits.

The Sixth Amendment guarantees a criminal defendant the right to effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 685-86 (1984). To show ineffective assistance of counsel, a petitioner must show both that "[his] counsel's performance was deficient" and that "the deficient performance prejudiced [his] defense." *Id.* at 687; *see also Paulson v. Newton Corr. Facility*, 773 F.3d 901, 904 (8th Cir. 2014). The Supreme Court has held that the two-prong test articulated in *Strickland* applies to ineffective assistance claims in the guilty plea context. *Hill v. Lockhart*, 474 U.S. 52, 57-59 (1985). To satisfy the first prong (deficient performance), the petitioner must show "that counsel's representation fell below an objective standard of reasonableness." *Id.* at 57. To satisfy the second prong (prejudice) in the guilty plea context, the petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* at 59.

When an ineffective assistance claim has been addressed by the state court, this Court must bear in mind that "[t]aken together, AEDPA and *Strickland* establish a 'doubly deferential standard' of review." *Williams v. Roper*, 695 F.3d 825, 831 (8th Cir. 2012) (quoting *Cullen v. Pinholster*, 563 U.S. 170, 190 (2011)). In the context of a habeas claim, it is not sufficient for a petitioner to "show that he would have satisfied *Strickland*'s test if his claim were being analyzed in the first instance." *Bell*, 535 U.S. at 698-99. "Rather, he must show that the [state court] applied *Strickland* to the facts of his case in an objectively unreasonable manner." *Id.* at 699.

In evaluating this claim, the Missouri Court of Appeals correctly noted the same two-prong test articulated in *Strickland* and *Hill*. Resp't Ex. E, at 5. The court then affirmed the motion court's finding that the allegations underlying Petitioner's claim were refuted by the record—in particular, the testimony of plea counsel, which the motion court found credible, and Petitioner's own statements at the plea hearing. *Id.* at 6-7. The court noted that plea counsel testified that she told Petitioner that only in a best-case scenario would he receive concurrent five-year sentences of imprisonment, and that it was possible that the sentence could be up to thirty years or life. *Id.* at 6. The court also noted that plea counsel testified that Petitioner had been optimistic about receiving a five-year sentence, placing little consideration into the full range of punishment, but that when she had him repeat back his understanding of the punishment he faced, he did so accurately. *Id.* at 6. Furthermore, the court noted that at the plea hearing, Petitioner had testified that no one had promised him that he would receive any particular sentence and that he understood that the full range of punishment he faced was from no less than five years up to thirty years or even life in prison. *Id.* at 7. The court concluded that because the record showed that Petitioner understood the consequences of his plea and that counsel never told him he would receive three concurrent five-year sentences, his claim was without merit. *Id.* at 7.

The Missouri Court of Appeals' rejection of this claim did not involve an objectively unreasonable application of *Strickland* or *Hill* to the facts of this case, nor did it involve an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Petitioner's claim that his counsel's performance is based entirely on his contention that his plea counsel told him he would receive three concurrent terms of five years' imprisonment if he pleaded guilty and did not tell him that the judge could impose a longer sentence. The state courts' determination that the record refuted those allegations has ample support in the record, including  plea counsel's testimony that she did not promise Petitioner that he would receive a five-year sentence; plea counsel's testimony that she told Petitioner the range of sentences he could receive; plea counsel's testimony that she explained to him "over and over" that the full range of punishment was available; plea counsel's testimony that when she had him repeat back his understanding of the punishment he faced, he did so accurately; and Petitioner's own statements at the plea hearing that no one had promised him a specific sentence and that he understood that the full range of punishment was available to the judge, from five years up to thirty years or even life in prison.

Although Petitioner offered testimony at the evidentiary hearing that conflicted with this evidence,  the state court found plea counsel's testimony to be more credible than Petitioner's testimony. In a federal habeas proceeding, "a determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). "The deference owed to the state trial court pursuant to § 2254(e)(1) includes deference to its credibility determinations." *Smulls v. Roper*, 535 F.3d 853, 864 (8th Cir. 2008). "A federal court can only grant habeas relief if the state court's credibility determinations were objectively unreasonable

based on the record." *Id. See also Graham v. Solem*, 728 F.2d 1533, 1540 (8th Cir. 1984) ("In the process of finding the underlying facts, credibility determinations are left for the state courts to decide; we are not permitted to substitute our judgment as to the credibility of witnesses for that of the state court."). Petitioner offers no basis on which this Court could find that it was objectively unreasonable for the state court to credit plea counsel's testimony regarding what she told Petitioner regarding his possible sentence over Petitioner's testimony, nor has Petitioner offered any clear and convincing evidence to rebut the presumption of correctness of the state court's factual findings. This Court thus defers to those findings.

Because the state court reasonably determined that Petitioner's plea counsel properly advised Petitioner of the possible sentences he could receive, the state court's denial of Petitioner's ineffective assistance of counsel claim was also reasonable. Plea counsel did not exhibit deficient performance*,* Petitioner could not establish the first prong of *Strickland*, and the state court's denial of this claim did not involve an objectively unreasonable application of *Strickland* or *Hill* to the facts of this case. This claim will be denied.

## IV.   CONCLUSION

For all of the above reasons, Petitioner is not entitled to federal habeas relief. Under 28 U.S.C. § 2253, an appeal may not be taken to the court of appeals from the final order in a 28 U.S.C. § 2254 proceeding unless a circuit judge or district judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A). To grant such a certificate, the judge must find that the Petitioner "has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). This requires a "showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel,* 529 U.S. 473, 483-84,

The Court finds that Petitioner has not made a substantial showing of the denial of a constitutional right, so the Court will not issue a certificate of appealability. Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Gerardo Martinez, Jr.'s petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is **DENIED.**

**IT IS FURTHER ORDERED** that this case is **DISMISSED.**

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue because Petitioner has failed to make a substantial showing that he has been denied a constitutional right. 28 U.S.C. § 2253.


SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 30th day of August, 2021.